Mr. Edsel is here for the appellate. Mr. Fuchs for the appellee. Mr. Edsel, you may begin when you're ready. Good morning. May it please the Court. I'm Jameson Edsel. I'm here for three appellants. The FLSA, the Fair Labor Standards Act, has a specific joinder mechanism. In Section 216B, it says they must give written consent to join a case, a collective action. And another section, 256, says once they do that, their action is deemed to have commenced. The three appellants in this case all joined a collective action that was filed by a separate person, Andrea Mickles, who's not here before the Court. They all filed their consent. There was no challenge to their consent. It was timely. They then proceeded through the case just like any other party, as if they were named in the complaint. They participated in a discovery. There were actually counterclaims pending against them. And when one of them failed to appear at a deposition, it's another opt-in who's actually not a party to the appeal, that opt-in, Joy Richardson, was dismissed and then financially sanctioned for not appearing at her deposition. So we then had a motion for conditional certification pending before the Court. And the purpose of that motion was to ask the District Court to authorize us to notify other employees who could potentially join the same action. That motion was denied because the District Court believed that it was untimely, and we've challenged that ruling separately. But what happened after that ruling, then, was confusion ensued as to whether our three opt-ins who had already joined the case were still parties or not. Reviewing the case law, we believed it was quite clear that they remained parties. The District Court did not explicitly dismiss them. Well, let's assume that we have jurisdiction over this appeal and that the District Court erred in determining that your clients, the opt-in plaintiffs, were never parties. When you look at the statute, it does use the word party to describe a potential plaintiff who files a, what is it, a written consent to join. But you violated a specific order of the Court, which was the scheduling order. And you had to file the motion for conditional certification before the discovery deadline ended. And it was filed eight months after that. With an abuse of discretion standard of review, it's hard to find an abuse of discretion given those facts. It just didn't file their motion for conditional certification before the discovery deadline ended, which is what the Court ordered. All you had to do was to do that, and then you were conditional plaintiffs. So I'd like to—there's several things there that I'd like to unpack. First of all, there was not a specific deadline to file this motion. There was a local rule that said, in general, any motion after 30 days after discovery begins, so very early in the case, 30 days after discovery begins, you need the Court's permission to file almost any motion except for summary judgment and discovery dispute motions. When we had a discovery dispute, which was whether the three opt-ins needed to produce tax returns and whether the defendant needed to produce records about other employees, when that dispute arose, we had a conference call with the Court. And when I asked for the documents to be produced by the club, the club said—and the club is the defendant— the defendant said, well, a lot of these documents relate to people who aren't parties, so we object to this discovery. And I said, well, part of the reason we want it is because we're trying to add people to this case. We're trying to send notice. We want to see that this is a policy applicable to multiple people. The district court said, well, is it a collective action or not, essentially? And this is all in the transcript that's in the record. I said, well, we're about to file our motion for notice, and the district court said, you file your motion, and then I'll decide on the discovery issues. So under the local rule, all we needed was permission to file a motion. We didn't need to modify the scheduling order. We didn't need something formal on the docket. The district court knew what we were doing. The district court knew the stage the case was in and said, you file your motion, and then I'll decide the disputes afterwards. How long did you wait to even file your motion? It was a couple weeks after that, I think four weeks after that. And the motion was supported by discovery. Of course, it was already late when you had the dialogue with the district court, and then you said we're going to file, and then you waited another month. Is that about right? I think, I mean, it's accurate that it was a month after this conference call, but what was happening at the same time was we were finishing depositions, we were collecting discovery, we were producing tax returns pursuant to the court order. But there were other opt-in plaintiffs who filed their motions for conditional certification timely. So I'd like to clarify something here. Whether the court denied certification or not is actually a separate question. We have three parties who joined the case. The three parties before this court all joined the case. They filed their opt-in consent forms way ahead of schedule. I mean, it was right after the case began. And there is no specific time frame for filing an opt-in. It's not in a statute. It's not in any local order. It wasn't in the scheduling order. But no matter what the deadline was, we would have met it because all three of these appellants filed the consent forms very early in the case. So when the district court said, you're late on your conditional certification motion, that shouldn't have had any effect on these three appellants. They were already here. They already did their discovery. They were parties to the case. And the denial of the order, the timeliness of our motion, none of that has anything to do with these three appellants. Let me get to just sort of the bottom line just to make sure I know your position. There are two things going on. First of all, you're appealing the dismissal, the dismissal on untimeliness. And even if the district court were affirmed in that, your position is that these individuals, the three individuals who filed the motion for conditional certification, I mean, excuse me, who filed their notice pursuant to the statute, that they should be able to proceed on their individual claims. Yes. So those are the two things going on. Correct. So if the district court were affirmed on the untimeliness, that doesn't mean you lose the individual claims because that's a whole separate issue. Exactly right. And the emphasis of our appeal, the most important part of our appeal, is that these three appellants were parties below. When the district court said they were not parties, that created a very dangerous situation for us because if we had gone to a new court and tried to refile this case, they would have been deemed to be beyond the statute of limitations because a couple years had gone by by the time we recognized that the district court wouldn't let us go to trial with these three plaintiffs. So we need that order to be vacated. The one that said it's the clarification order from October 2016 where the district court said they were never parties. That is simply incorrect as a matter of law. They filed their consent forms. Whether or not we move for notice didn't matter. We didn't need to move for notice. You could have a four plaintiff collective action and go through to trial and never ask the court to send notice. So this is, again, it's a totally separate question. After you become a party, you don't need to thereafter file a motion for conditional certification? No. You can maintain a collective action simply by filing opt-in forms and proceeding to trial. If the defendant believes they're not similarly situated. Could they file opt-in forms? Our three appellants all filed opt-in forms, and early in the case. I have, they're all in the record. That's one of the, that's if there's a problem. It's because this hasn't gone the way it normally would go. And normally the procedure would be that people would opt-in after the conditional certification was granted. And so this was earlier. But the, I've read the statute. You're correct. It doesn't say when. The other process is just a mechanism for the court to organize the case. Right. The statute itself doesn't say when. Right. And, you know, if you believe that the untimeliness issue controls and we were late on the motion for conditional certification, that's separate. We still have three parties here whose claims essentially evaporated. They weren't given notice. They weren't given an explicit dismissal. There's not even a dismissal anywhere in the record, really. The only thing we got was this clarification order that said they were never, it's like they were never here. And that's not the way the FLSA works. The FLSA collective action begins when you file opt-in forms. You can have a plaintiff moving for conditional certification. You could get a final certification. It's not a collective action unless people join the case. And we did have three people join the case, and they're the ones who want to proceed with their claim. So when the district court said they were never parties, that was extremely prejudicial. If they had gone to a second court, we'd be facing statute of limitations defense because you have an order here that says, well, they weren't parties in the first case, so they don't get tolling while they were not there. So you're out of time because the statute of limitations under 256 doesn't toll until you file your consent form. But again, I do want to say on the conditional certification motion, he said you file your motion. I believe that's permission to file the motion. If he knew we were beyond time, why did he tell us to file the motion? Why was he sanctioning a plaintiff? Why did he dismiss a plaintiff for not showing up at a deposition? He could have just said, I'm going to sever these into four separate cases and go on. But the purpose of the FLSA is to provide efficiency and an easy way for workers to join together and proceed in one case. It's judicial economy, it's simplicity for the defendant, and it's a lower entry cost for the plaintiffs. We filed the consent forms on time. There really is no time, but they were on time anyway. They were timely under the statute of limitations at least. We filed those. We were parties. We participated in the case as if we were full parties. So that really is the most important issue here, is we'd like that clarification order vacated. And I'll reserve a few minutes for rebuttal. All right. Thank you, Mr. Edsel. We'll hear from Mr. Fuchs. Good morning, Your Honors. May it please the Court, Dean Fuchs on behalf of the Appellee Country Club, Inc. This is an interesting procedural case, at least in my opinion. The appellants, as Mr. Edsel has said, are former opt-in plaintiffs in a putative FLSA class action. And from my perspective, the primary issue in this case is whether those former opt-in plaintiffs have standing to bring this appeal. And I raised three primary issues in the alternative. My first point is that the appellants never became parties to the litigation below because the district court denied conditional certification of this case as a collective action, a prerequisite to appellants' acquisition of party status, which is in turn, of course, prerequisite for the appellants to have standing to bring this appeal. But that's not what the statute says. And from my understanding of the cases, the certification is a recommended process, is a recommended process, a way a court can organize a case. And it's not required. The statute says no employee shall be a party plaintiff to any such action unless he gives his consent in writing to become such a party and such consent is filed in the court in which such action is brought. That's correct, Your Honor. You've read the statute correctly, but you're doing what I think the appellants are doing, and that is reading out of the statute the prior sentence, which says that an action may be maintained against any employer, including a public agency, in any Federal or State court of competent jurisdiction by one or more employees for and on behalf of himself or themselves and other employees similarly situated. So the similarly situated language, obviously part of the statute, that's who that language is directed to the opt-ins, who are the appellants in this case. So my point is, yes, all they have to do, they do have to file a consent form, as the statute says, which does hold the statute of limitations for them. But because they are not named plaintiffs and they are putative opt-ins, they have to be similarly situated to the named plaintiff in order to become members of the collective. But we don't know. We don't know if there's some — I mean, if the district judge — if the district judge had kept the case and had said, no, these people are not similarly situated, then I understand your argument. But the district court didn't do that. Well, that's correct, Your Honor, and the district judge did not do that because their motion for conditional cert was untimely, was filed eight months well after the — But it wasn't — yes, that was untimely. Excuse me. And let's assume that was untimely, and I can't speak for the rest of the panel, but I don't think it was timely. But I'm talking about these plaintiffs. Go ahead. Yes. My point is simply that — my point is that in order for them to have become part of the collective, there must have been a judicial finding that they were similarly situated to the named plaintiff, and that never occurred in this case. Because the court said you're not parties. Well, that's true, but the court had the motion for collective act — conditional collective certification been timely filed, the court could have or would have done the analysis under HIP and decided whether or not they were similarly situated to become parties. But if you don't like that argument, Your Honor, and I see that you're struggling with it — It's not — it's not like. It's just an administrative process. It's hard to think about this case because your mind goes to class actions. Sure. And you have to get that out of your mind. Absolutely. It took me a while. And so I've got that out of my mind, and I'm thinking, okay, this is a court-made process and rule, and it talks about an orderly way to do it, which doesn't have to be followed. But if you do follow it, this is what happens. Well, that's true. I mean, as this court knows, in the HIP decision in 2001, the court, I think, had recommended the two-step process for collective action certification but basically said it's not required. The court can do it any number of ways, but I think the court basically encouraged in future cases that district courts use the two-step process enunciated by HIP. Of course, in this case, that never occurred simply because the motion for conditional was untimely. So if we want to assume that the claimants, the appellants in this case, did become parties as of the time that they filed their consent forms, my argument is that they ceased to become parties once the court denied their motion for class certification. I think that's my alternative argument. And tell me the case you use. If you'd give me just a second, Your Honor. There are a number of cases, and I will say that the 11th Circuit jurisprudence on this issue is not exactly clear. I think the HIP decision and decisions which followed it in dicta suggested that if a court either decertifies or declines to certify collective action, that the opt-in plaintiffs should be dismissed without prejudice. But that's based on certification. This is just a process where you get people notice. It's conditional certification. That's just you just notice people. You could decertify it. You could say, well, all these people have come in. I've heard all of them, but I'm not going to certify it. That's correct. And I think in either circumstance, whether a court either conditionally certifies and then decertifies, declines to conditionally certify at all, either way, I think what this Court in HIP's contemplated was that those claimants would fall away and be dismissed without prejudice, not substantively to affect their FLSA rights because, of course, if they're dismissed without prejudice, they're free to file their own separate civil action, which, frankly, is what I thought would occur in this case. If these individuals were plaintiffs because they filed pursuant to the statute, then the court could have dismissed without prejudice or the court could have kept the plaintiffs in the case and permitted them to process within that, to go forward within that case, right? If I understood your question correctly, Your Honor, I'm sorry. I'm having a little trouble hearing you. My understanding of what the Eleventh Circuit jurisprudence says is in this opt-in plaintiffs, if the court declines to certify or to decertify, they essentially should fall out of the case, in effect, a dismissal without prejudice. Now, it's true that the district court's order on certification or denying their motion for certification did not expressly state that they are dismissed without prejudice, and I think that's what gave rise to this appeal. Frankly, had the district court's denial of certification order said the claimants, the appellants here, are dismissed without prejudice, then there would not have been any subsequent confusion. Then why shouldn't we send it back to give the district court an opportunity to do that? Well, I think you could. Obviously, you have the authority to do that. I think that's what the court, the district court, intended to do on clarification. Now, you might take, I know plaintiffs, excuse me, appellants counsel takes issue with the language in the district court's clarification order where it said they never became parties. You know, maybe that was an overstatement, perhaps, but I think the result is going to be the same. I think even if this court, the court were to vacate the district court's order and send it back, my intuition, my instinct is that the court would simply dismiss them without prejudice. As it relates to Mr. Edsel's argument about the predicament that his clients would have been in. I didn't hear you tell me why we shouldn't do that. Well, I think, as I said, I think you could do that. I think that that issue is moot only because I think that the claimants here, while I'm standing to bring this appeal, my position is that the appeal should be dismissed for want of appellate jurisdiction. But assuming, as Judge Wilson said, assuming this court does have jurisdiction, I think if you're trying to reach the merits, I think you could do, as you're suggesting. Okay, so tell me whether or not I am misunderstanding the statute in the process. I thought that in order to file a motion for conditional certification to demonstrate that you're similarly situated to the other named claimants, you have to be a party. Well, you know, I think that that's why they're called putative members of the collective or potential members of the collective. You know, it's a little weird for me to refer to them as parties plaintiff. I mean, because there's only three individuals here that are appealing, I mean, they could have been named in the original complaint as named plaintiff, just as Ms. Mickles was named. They weren't. It was Andrea Mickles and other individuals similarly situated. That's how it was styled. It's not a two-step process. Once you're a party, then you have an opportunity to show that you're similarly situated to the named plaintiffs. That's the way I understand the statute. Is that incorrect? From my perspective, here's how I understood it, Judge. I always understood it that they were potential plaintiffs in the case until the court went through the certification process, and if the district court granted certification, then they elevated to party plaintiff status in a collective process. Because here's my concern. If they are, in fact, plaintiffs merely by filing a consent form, then I'm not sure I understand the entire purpose of a motion for collective certification. Well, the motion is a mechanism the court uses to administer the case, but these people participated in all the discovery, and, in fact, Ms. Richardson, who didn't show up for her deposition, is in a better position than they are because she was dismissed without prejudice. And so nothing was mentioned to the district court through that whole thing. There were discovery and motions for sanctions and all the stuff that goes along with it. They were treated as parties, weren't they? That's a fair question, Your Honor. They did participate. I will agree that they did participate in the discovery process because, at that point in time, there had been no motion for conditional certification. And remember, usually motions for conditional cert are filed early in the life of the case. No, I know. That was not done here. So I was taking that opportunity, after they had opted in by filing consent forms, to take discovery from them in order to be able to respond to a future motion for conditional certification. Obviously, the only way I can credibly challenge their right to be part of a collective is to take some discovery from them. So, sure, I was taking discovery from them, but I always considered them putative or potential plaintiffs. And, you know, I have obviously no control over when the appellants decide to move for conditional cert or whether they decide to move for it at all. So if you've already done with discovery, how are you prejudiced by the denial of conditional certification? How are you prejudiced? We weren't prejudiced at all. We were not prejudiced by the denial of conditional certification. We were obviously pleased. Well, I thought your brief said, well, you'd be prejudiced because discovery has already been complete. All I was suggesting, Judge Wilson, was that in a circumstance like this where the appellants, as they did below, wait until after the close of the twice-extended discovery period to move for conditional cert, that could lead to a hypothetical situation where a defendant has no opportunity to challenge the merits of the opt-ins who are contending that they are similarly situated. In this case, we did have that opportunity because I did get to depose them, and I did get to take discovery from them, but because they waited so long to file their motion for conditional cert, the court denied that motion on procedural grounds before we got to the merits. Unless there are any other questions, I think I will sit. All right. Thank you, counsel. Thank you, Your Honors. Mr. Etzel, you have reserved some time for rebuttal. So I believe, Judge Black, your understanding here is right on point. The fact that there was not an explicit dismissal order from the district court when the district court denied conditional certification, that actually makes all the difference. And then compounding the problem was when the district court said they were never parties. Our issue with these three plaintiffs is we have a claim. We want to move forward with it. If you're saying we were never parties, but we don't have a clear dismissal order, how are we supposed to go pursue our claim? Do we file a new case? Because if we did that, my friend here would most likely say, well, you're too late because now your opt-in is years after you worked here, and you don't get told because you weren't a party. So then let's say you win and the case goes back. What happens? Yeah, so we're basically ready for trial. We go to trial with these three plaintiffs, and we're happy. And their rights are protected, and that's a great outcome. Wait a second. If you won a reversal on the denial of the certification notice process, then this is what you do. Let's say that was reversed. Then? Well, we would ask the district court to look at our motion for notice, the conditional certification motion. And just to clear a few things up, a denial of that motion, not an automatic dismissal of parties who are already there. It's just like the three of them were on the complaint. Once they file that opt-in, they're there. So if you win and it goes back, we tell the district court your clients are parties, and so now you have to rule on the motion for conditional certification. You don't get certification. That's one option. Yeah, I'm not asking this court to reverse and force certification. We're asking, first and foremost, vacate the order that says our three people were not parties. Second, and this is, you know, a next step would be, if you are inclined to say that our motion was timely or that the court gave us permission to file the conditional certification motion, then just vacate the denial and have the district court reach the merits, because they were, I mean, we have three people worked in the same building on the same job complaining about the same policy. And you say the merits would just be whether or not your clients are similarly situated to the named plaintiffs. Well, no, it would just be, at this point, it'd be whether these three plaintiffs are sufficiently similarly situated to other people to send notice to other people. Because remember, we're just talking about conditional certification. But most importantly, we need a vacator of the order that says they were never parties, so we can protect their claims and move forward. If there's no more questions, then I thank you for your time. Thank you, counsel. Court is in recess until 9 o'clock tomorrow morning. All rise.